IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DUSTY RHOADES                                                                    PLAINTIFF

v.                                        Civil No. 3:24-cv-03040-CDC

SHERIFF JOHN MONTGOMERY, Baxter
County, Arkansas; and LIEUTENANT T.
MAZE, Jail Coordinator, Baxter County
Detention Center                                                               DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff Dusty Rhoades pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Currently before the Court are Defendants' Sheriff John Montgomery's and Lieutenant T. Maze's Motion to Dismiss (ECF No. 45) and Brief in Support (ECF No. 46), as well as Plaintiff's Motion to Appoint Counsel (ECF No. 49) and Motion for Extension of Time (ECF No. 50). For the reasons given below, Plaintiff's Motions are DENIED, and Defendants' Motion is GRANTED.

## I. DISCUSSION

Plaintiff filed this lawsuit on September 20, 2024, bringing two claims concerning his incarceration in the Baxter County Detention Center ("BCDC"): one for inadequate treatment or screening of his mental health issues, and one regarding the quality of his bedding and alleged inattention to grievances he filed regarding that matter. *See generally* ECF No. 1. Early in this case, Defendants moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies, but the Court denied that motion. *See* ECF No. 32. The case then proceeded to discovery. On October 7, 2025, Defendants filed a motion to compel discovery responses, stating that they had repeatedly propounded discovery requests to Plaintiff but that

1

Plaintiff had never provided them with any response to those requests. *See* ECF Nos. 42, 43. The Court entered an order granting that motion after Plaintiff failed to ever file any response to it. *See* ECF No. 44. Specifically, the Court directed Plaintiff "to provide responses to Defendants' Interrogatories and Requests for Production by **November 17, 2025**." *Id.* at 2 (emphasis in original).

On December 16, 2025, Defendants filed the Motion to Dismiss that is presently before the Court. *See* ECF No. 45. In that Motion they assert that Plaintiff never responded to this Court's order compelling discovery and failed to produce any discovery responses to Defendants as directed. *See id.* at ¶ 6. Defendants contend, understandably, that "Plaintiff's discovery responses are necessary for the Defendants to complete and file their Motion for Summary Judgment." *Id.* at ¶ 8. Accordingly, they request that his Complaint be dismissed for failure to comply with the Court's order and failure to prosecute his case. *See id.* at ¶ 9. The Court entered an order directing Plaintiff to file a response by January 12, 2026. Instead of filing a response to Defendants' Motion, Plaintiff filed a Motion to Appoint Counsel (ECF No. 49), and a Motion for Extension of Time to File Response (ECF No. 50).

This is now the third motion to appoint counsel that Plaintiff has filed in this matter. *See* ECF Nos. 19, 39. The Court denied the previous two motions to appoint counsel, *see* ECF Nos. 20, 40, and no circumstances have changed that would warrant reconsideration of those earlier decisions. Plaintiff has demonstrated his ability to prosecute his claims without appointed counsel throughout this case, including, among other things, by voluminously and successfully briefing his opposition to Defendants' earlier motion for summary judgment. *See* ECF Nos. 22–28. Accordingly, the Court, in its discretion, 28 U.S.C. § 1915(e)(1), will again DENY Plaintiff's Motion to Appoint Counsel.

As for Plaintiff's Motion for Extension of Time to File Response: it does not provide any explanation for why an extension is necessary, and the Court does not believe any extension is warranted here. Defendants' Motion to Dismiss is extremely simple and straightforward: they say that Plaintiff has refused to respond to their discovery requests in violation of a Court order directing him to do so. An appropriate response to this Motion would likewise be very simple and straightforward, either denying the allegation altogether or else offering some sort of explanation or excuse for Plaintiff's failure to comply with the previous Court order. It is a task that could have easily been completed within at most a few hours, making the three weeks Plaintiff was originally provided more than sufficient time for him to submit his response. *See* ECF No. 48. Plaintiff's Motion for Extension of Time will therefore be DENIED.

Turning now to Defendants' Motion to Dismiss: The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently. Plaintiff has repeatedly failed to respond to Defendants' legitimate discovery requests despite his obligation to do so under the Federal Rules of Civil Procedure, and despite a direct order from this Court for him to do so. Therefore, Plaintiff's case should be dismissed for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case.

The only remaining question is whether the dismissal should be with or without prejudice. A dismissal under Rule 41(b) operates as an adjudication on the merits unless otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'" *Id.* (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). "The district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." *Id.* (internal citation and quotations omitted). In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent . . . the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court." *Id.* "However, the district court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

Given the relatively late stage in this case, along with the fact that Defendants previously moved for summary judgment, it is clear that the Defendants have expended significant resources on discovery and motion practice. It is also clear that Plaintiff received notice of the Court's order to produce discovery, and that he has simply chosen not to comply with it. Accordingly, the Court finds that Plaintiff's intentional failure to comply with a court order, combined with the resources expended by the Defendants, warrant this case being dismissed with prejudice.

4

## II.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Dusty Rhoades's Motion to Appoint Counsel (ECF No. 49) and Motion for Extension of Time (ECF No. 50) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Sheriff John Montgomery's and Lieutenant T. Maze's Motion to Dismiss (ECF No. 45) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.  Judgment will be entered contemporaneously with this Order.

IT IS SO ORDERED this 15th day of April 2026.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5